United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2782

_____

Timothy Johnson; Michael Winn, Sr.;   *
Edward Allen Moore,   *
   *
       Appellants,   *
   *
Michael Joseph Lewis, Sr.; Melvin   *
Leroy Tyler,   *
   *
       Plaintiffs,   *
   *
     v.   *
   *
State of Missouri, Jeremiah Nixon,   *   Appeals from the United States
Attorney General; Dora Schriro,   *   District Court for the Eastern
Director, Department of Corrections;   *   District of Missouri.
Michael Bowersox, Superintendent,   *
Potosi Correctional Center; Carl White,   *
Superintendent, Algoa Correctional   *
Center; David Dormire, Superintendent,   *
Jefferson City Correctional Center,   *
   *
       Appellees,   *
------------------------   *
Melvin Leroy Tyler,   *
   *
       Plaintiff,   *
   *
     v.   *
   *
Mel Carnahan, Missouri State   *
Governor; Jay Nixon, Mo. AG;   *

Dora Schriro, Director MDC;              *
Cranston Mitchell, Chairman MBPP,        *
                                         *
            Appellees.                   *


_____

No. 97-2798
_____

Timothy Johnson; Michael Winn, Sr.;      *
Edward Allen Moore; Michael Joseph       *
Lewis, Sr.,                              *
                                         *
            Plaintiffs,                   *
                                         *
Melvin Leroy Tyler,                      *
                                         *
            Appellant,                    *
                                         *
        v.                               *
                                         *
State of Missouri; Jeremiah Nixon,       *
Attorney General; Dora Schriro,          *
Director, Department of Corrections;     *
Michael Bowersox, Superintendent,        *
Potosi Correctional Center; Carl White,  *
Superintendent, Algoa Correctional       *
Center; David Dormire, Superintendent,   *
Jefferson City Correctional Center,      *
                                         *
            Appellees,                    *
                                         *
--------------------------               *

Melvin Leroy Tyler,                *
                                     *

           Appellant,          *
                                       *

       v.                        *
                                       *

Mel Carnahan, Missouri State      *
Governor; Jay Nixon, Mo. AG; Dora    *
Schriro, Director MDC; Cranston     *
Mitchell, Chairman MBPP,         *
                                       *

           Appellees.          *

_____

Submitted: January 14, 1998
Filed: April 24, 1998

_____

Before WOLLMAN, HEANEY and BRIGHT, Circuit Judges.

_____

BRIGHT, Circuit Judge.

In these consolidated appeals, Missouri inmates, Timothy Johnson, Michael Winn, Sr., Edward Allen Moore, and Melvin Leroy Tyler, appeal from a judgment of the district court[1] dismissing their complaints challenging Mo. Rev. Stat. § 217.262 (1996), which provides sanctions if an inmate files a frivolous claim with a court. Because we agree with the district court that appellants lack standing, we affirm.

Under the statute, if a court finds that an inmate has filed a "false, frivolous or malicious action or claim[,]" the inmate could receive a delayed initial hearing on his

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

or her parole eligibility or a loss of funds from the inmate's account.[2] Assistant attorneys general notified Johnson and Winn that they had pending lawsuits and if the suits were found to be frivolous, statutory sanctions could be imposed and further warned that sanctions would be imposed if they filed future frivolous lawsuits. However, at the time of the district court's decision, no statutory sanctions had been imposed on any of the appellants.

In the circumstances of this case, we agree with the district court that appellants lack standing to challenge the statute. The Supreme Court has "always insisted on strict compliance with this jurisdictional standing requirement." Raines v. Byrd, 117 S. Ct. 2312, 2317 (1997). "The standing requirement is, at its core, a constitutionally mandated prerequisite for federal jurisdiction, and 'an essential and unchanging part of the case-or-controversy requirement of Article III.'" Mausolf v. Babbitt, 85 F.3d 1295, 1301 (8th Cir. 1996) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). "To establish standing, a party must, at a minimum, have suffered an 'injury-in-fact,' fairly traceable to the defendant's conduct, which is likely to be redressed by a favorable decision." Brouhard v. Lee, 125 F.3d 656, 661 (8th Cir. 1997). "An 'injury-in-fact' is an actual or imminent invasion of a legally protected interest, which is both concrete and particularized to the appellant." Id.

---

[2]In relevant part, Mo. Rev. Stat. § 217.262 provides:

> An additional sixty days shall be added to the time that an offender is first eligible for parole consideration hearing or a sum of up to fifty percent of the average balance of the offender's account for any portion of the preceding twelve months during which the offender's account had a positive balance, shall be deducted from an offender's account for each instance that a court finds that the offender has . . . [f]iled a false, frivolous or malicious action or claim with the court . . . .

On appeal, appellants argue that although sanctions have not yet been imposed, they are "imminent." Initially, we note that in the district court appellants did not primarily rely on an imminence argument. Instead, they argued that the statute and the letters from the assistant attorneys general chilled their "right of access to the court to file meritorious, as well as non-meritorious, claims and that is the injury upon which this case is based." App. at 273. The district court rejected their "chilling" argument, citing e.g., Laird v. Tatum, 408 U.S. 1, 13-14 (1972) ("[a]llegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm"); Younger v. Harris, 401 U.S. 37, 51 (1971) ("existence of a 'chilling effect,' . . . has never been considered a sufficient basis, in and of itself, for prohibiting state action"). At oral argument appellants appeared to have abandoned their "chilling" argument.

To the extent that the argument is before this court, we believe that the district court correctly held that the letters and statute did not chill appellants' right of access to the courts, both as a factual and legal matter. As a factual matter, as the state notes, several of the appellants have filed lawsuits after August 28, 1995, the effective date of the statute. As a legal matter, the Supreme Court held that in the context of an access-to-courts claim, in order to satisfy the injury-in-fact requirement, a plaintiff must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Lewis v. Casey, 116 S. Ct. 2174, 2181 (1996) (footnotes omitted). Because the statute prohibits only frivolous claims, no such showing has been made here. In Lewis, the Court stated that "[d]epriving someone of a frivolous claim, . . . deprives him of nothing at all, except perhaps the punishment of [Fed. R. Civ. Pro.] 11 sanctions." Id. at 2181 n.3.

In Lyon v. Krol, 127 F.3d 763, 765 (8th Cir.1997), this court recently held that an inmate, who had sufficient funds to pay a filing fee, lacked standing to challenge the filing fee requirements of the Prison Litigation Reform Act, 28 U.S.C. §1915(g). Citing

Lewis, this court stated that "it is not sufficient for standing to show that court access could be impeded. Rather, a prisoner must show that it actually has been." Id.

We also reject appellants' argument that they have standing because imposition of a statutory sanction is "imminent." It is well-settled that "[a]llegations of possible future injury do not satisfy the requirements of Art. III." Whitmore v. Arkansas, 495 U.S. 149, 158 (1990). Instead, "[a] threatened injury must be 'certainly impending' to constitute injury in fact." Id. (quoting Babbitt v. United Farm Workers Nat. Union, 442 U.S. 289, 298 (1979)). Moreover, "allegations of future injury [must] be particular and concrete." Steel Co. v. Citizens For a Better Environment, 118 S. Ct. 1003, 1020 (1998). The Supreme Court has explained that "[p]laintiffs must demonstrate a 'personal stake in the outcome' in order to 'assure that concrete adverseness which sharpens the presentation of issues' necessary for the proper resolution of constitutional questions." City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983) (quoting Baker v. Carr, 369 U.S. 186, 204 (1962)).

Although appellants allege that sanctions are imminent because Johnson, Moore, and Winn had cases which were dismissed as frivolous, Johnson's and Winn's cases were dismissed before the effective date of the statute, and thus the dismissals cannot trigger statutory sanction. As to Winn, in a July 1996 affidavit, he asserts that after the effective date of the statute, a district court dismissed one of his cases as frivolous. However, he does not assert that sanctions were imposed as a result of the dismissal.[3]

In any event, it is undisputed that statutory sanctions have not been imposed on appellants. Although in the future, an appellant may suffer one of the statutory sanctions as a consequence of filing a frivolous lawsuit, as just explained, "[a]bstract injury is not enough." Lyons, 461 U.S. at 101. At this time, the timing and type of

_____

[3]At oral argument, the state informed the court that the statute was being applied only as to conduct that occurred after the statute's effective date.

injury to the appellants cannot be determined.  See Iowa Utilities Bd. v. F.C.C., 120 F.3d 753, 817 (8th Cir. 1997) (no standing because court could not determine if "takings were imminently likely to occur"), cert. granted, 118 S. Ct. 879 (1998).  As the state points out, a number of things must occur before appellants will suffer an actual or even an imminent injury.[4]  First, an appellant must engage in the conduct prohibited by statute, that is he must file a lawsuit, which a court finds to be frivolous or malicious.  We note that the Supreme Court has cautioned that where "acts necessary to make the injury happen are at least partly within the plaintiff's own control[,] . . . the injury [must] proceed with a high degree of immediacy, so as to reduce the possibility of deciding a case in which no injury would have occurred at all."  Lujan, 504 U.S. at 565 n.2.

As a practical matter, the state argues that even if an appellant files a lawsuit which is dismissed as frivolous, sanctions may not be imposed.  The state reasons that if a federal court dismisses a suit as frivolous under 28 U.S.C. § 1915(d), the state or prison officials would not be served with the notice of the dismissal and thus would be unaware of the finding of frivolity, which is a prerequisite to the imposition of sanctions.

The state goes on to argue that even if it receives notice of a dismissal on grounds of frivolity, the statutory sanctions differ depending on an inmate's circumstances, and that the record here is undeveloped as to any sanction that might be

---

[4]For the same reason, we agree with the state that appellants' challenge is not ripe for review.  Although we realize that standing and ripeness are technically different doctrines, they are closely related in that each focuses on "whether the harm asserted has matured sufficiently to warrant judicial intervention."  Warth v. Seldin, 422 U.S. 490, 499 n.10 (1975) (observing "close affinity" between standing and ripeness).  Indeed, "in cases like this one [the doctrines] perhaps overlap entirely."  Smith v. Wisconsin Dep't of Agric., Trade & Consumer Protection, 23 F.3d 1134, 1141 (7th Cir. 1994).  Thus, "[w]hether this principle is labeled 'standing' or 'ripeness', [appellants'] claim presents no justiciable case or controversy."  Id. at 1142.

imposed upon any of the appellants. Although the state concedes that the record shows that Tyler has already received his first parole hearing and thus would not be subject to the sanction of a delayed parole hearing, the state also notes he may not be subject to a loss of funds from his account because the statute provides that funds will not be deducted if an account has less than ten dollars. See Mo. Rev. Stat. § 217.262.4. Moreover, the state argues that the monetary sanction is no different than Rule 11 sanctions for filing frivolous lawsuits. The state also argues that an appellant would not have standing to challenge a delayed parole hearing, since he would not have a legally protected interest in a parole eligibility hearing date. See Raines, 117 S. Ct. at 2317 ("alleged injury must be legally and judicially cognizable").

We need not address the state's arguments concerning the nature of the statutory sanctions. Our review of the record convinces us that appellants' alleged injuries are "too speculative to invoke the jurisdiction of an Art. III court." Whitmore, 495 U.S. at 157.

Apparently recognizing the weakness of their standing arguments, in their reply brief, appellants submit evidence that the state has imposed statutory sanctions on another inmate.[5] However, as a general rule litigants are prevented "'from asserting the rights or legal interests of others in order to obtain relief from injury to themselves.'" Iowa Utilities Bd., 120 F.3d at 817 (quoting Ben Oehrleins & Sons & Daughter, Inc. v. Hennepin County, 115 F.3d 1372, 1379 (8th Cir.), cert. denied, 118 S. Ct. 629 (1997)). "Before a litigant will be allowed to assert a claim on behalf of a third party,

_____

[5]Because appellants did not submit this material to the district court and ordinarily we do not allow a party to expand the record on appeal, see Barry v. Barry, 78 F.3d 375, 379 (8th Cir. 1996), the state has filed a motion to strike portions of appellants' reply brief. However, we have considered the additional material in the reply brief, including the regulations implementing Mo. Rev. Stat. § 217.262, but find that the material does not aid appellants' standing arguments. We thus deny the state's motion to strike.

the litigant must show, among other things, that the third party is unable to protect its own interests." Iowa Utilities Bd., 120 F.3d at 817. Appellants do not make such a showing here. See id.; see also Printz v. United States, 117 S. Ct. 2365, 2384 (1997) (Court "decline[s] to speculate regarding the rights . . . of parties not before the Court").

The claims of the prisoners present an important issue, but the issue is better addressed with a record for a court to review in determining the constitutionality of the statute in question. In the present posture of the case, we properly do not proceed to the merits of the prisoners' claims.

Accordingly, we affirm the district court's judgment dismissing appellants' complaints for lack of standing.[6]

A true copy.


Attest:


CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[6]We do not consider the arguments raised for the first time on appeal in Tyler's and Johnson's pro se briefs.